# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **P.B.**

**No. 16-0650** (Pocahontas County 14-JA-09)

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.B., by counsel Eric M. Francis, appeals the Circuit Court of Pocahontas County's June 23, 2016, order terminating his parental rights to seven-year-old P.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Michael R. Whitt, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was clear and convincing evidence to support termination.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed a petition for abuse and neglect against petitioner alleging that he failed to protect P.B. from her mother who abused illegal drugs and committed acts of domestic violence. The DHHR also alleged that P.B. may have been sexually abused. Thereafter, the DHHR filed an amended petition alleging that petitioner, while intoxicated, was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

in an automobile accident in which he failed to properly secure P.B. to her safety seat.[3] The circuit court granted petitioner a pre-adjudicatory improvement period. The terms and conditions of this improvement period required petitioner to submit to random drug screens, to participate in a psychological evaluation and parenting classes, to abstain from consuming alcohol in P.B.'s presence, and to not allow P.B. to have contact with her mother. Subsequently, the circuit court adjudicated petitioner.

In February of 2015, the circuit court granted petitioner a post-adjudicatory improvement period with substantially similar terms and conditions as his prior improvement period. Additionally, petitioner was required to participate in substance abuse therapy and required to attend Alcoholics Anonymous meetings. The following month, a service worker observed petitioner, P.B. and the child's mother together in a public setting in violation of his improvement plan. P.B. also disclosed to her teacher that she had visited her mother "over the weekend." P.B. also told her foster mother that she played with her mother at the store. For these reasons, the DHHR filed a motion to revoke petitioner's improvement period.

In June of 2016, the circuit court held a dispositional hearing in which it heard testimony that petitioner was unwilling to comply with the terms of his improvement period. Specifically, the circuit court heard testimony that petitioner allowed P.B. to have contact with her mother on multiple occasions and that petitioner failed to comply with his drug and alcohol screens. Specifically, petitioner missed approximately seven screens and provided two abnormal screens. As such, the circuit court terminated petitioner's parental rights to P.B. by order entered on June 23, 2016. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). We first note that on, appeal, petitioner failed to include a standard of review, failed to cite to a single case in support of his

---

[3]Petitioner was arrested for aggravated driving under the influence and driving under the influence, child endangerment.

argument, failed to accurately cite to the appendix record, and failed to include a complete appendix record to address his argument on appeal. These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure.

However, despite petitioner's failure to preserve this issue for appeal, the Court has reviewed the record in this matter and determined that the circuit court committed no error in regard to petitioner's assignment of error. Pursuant to West Virginia Code § 49-4-604(c)(3), a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to . . . a reasonable family case plan[.]" It is clear that the circuit court had ample evidence upon which to find that there was no reasonable likelihood that petitioner was unwilling to comply with the terms and conditions of his improvement period and that termination of his parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the circuit court's June 23, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: January 9, 2017

3

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker